Middleton, J.
It is unnecessary to discuss any of the defenses or asserted grounds of error other than the defense of accord and satisfaction.
With respect to liability to the plaintiff, the obligation of Brant was primary and that of the defendant *270 bank was secondary. The plaintiff was entitled to be reimbursed but once on account of Brant’s defalcations. If Brant made full restitution any liability of the defendant was discharged. Likewise, settlement made between Brant and the plaintiff enured to the benefit of the bank and effected its discharge.
The controlling question then is: Did the defendant present competent evidence to prove the execution of an agreement between Brant and plaintiff such as would constitute an accord and satisfaction?
The defense of accord and satisfaction was properly and sufficiently pleaded. Contrary to the apparent opinion of the Court of Appeals, we consider that the defense was supported by competent evidence and that no error prejudicial to the plaintiff was committed in the rulings of the trial court with respect to such evidence or in the charge on that subject.
The agreement of September 27, 1949, was drawn by the plaintiff’s attorney. Brant was not represented by counsel in the negotiations preceding the drafting or at the time of the execution of the agreement. The defendant did not know of the agreement until long after its execution. Hence the agreement must be construed against the plaintiff. For the purpose of determining the meaning of the parties and of explaining ambiguous language in the final contract, the preliminary draft was admissible in evidence. (32 American Jurisprudence, 757, Section 234.)
The agreement recites that the plaintiff believed that the defalcations exceeded $35,000. The proffered testimony of Frank Walz, rejection of which was held by the Court of Appeals to have been error, was that on the day the agreement was executed Brant stated that he did not know the amount which he had taken but that it was in excess of $35,000. The form of the agreement demonstrates that it was contemplated that *271 defalcations would be discovered after the agreement was executed. The probability of such discoveries was inherent in plaintiff’s insistence that the total amount of defalcations exceeded $35,000. Notwithstanding such conviction and such probability, the plaintiff struck, or consented to have stricken, from the final draft the provision obligating Brant to pay any defalcations thereafter discovered which would create a total in excess of $35,000. Instead of the provision so stricken, and presumably as a consideration for eliminating it, new and additional provisions were inserted which would better guarantee and secure payment of the flat sum of $35,000, including a provision for the execution of a mortgage on a farm of 120 acres and a chattel mortgage on livestock and machinery, and the joining of Brant’s wife in the agreement, thereby releasing her rights in the mortgaged premises. That agreement was never repudiated by plaintiff. On the contrary, it was recognized as effective and was enforced after discovery of the cashing of the three checks in question. When, a few months after its execution, a counterclaim of Brant against the plaintiff amounting to $8,000 was discovered, the supplementary agreement of February 28, 1950, providing for the crediting of that amount was executed. It was entirely silent as to any obligation of Brant to make good any defalcation in excess of $35,000 — which plaintiff said it believed existed. On the contrary, the entire $8,000 was credited against the note which had been executed in partial discharge of the $35,000 obligation. Furthermore, after the plaintiff discovered the defalcation with respect to the three checks in question and had full knowledge with respect thereto, the chattel mortgage was satisfied and the mortgage on the real estate was foreclosed.
On this record, the jury was amply justified in find *272 ing that accord and satisfaction was effected by the agreement of September 27, 1949, as to all of Brant’s defalcations, known and unknown.
When and to what extent defalcations Avere discovered subsequent to the execution of the agreement had no effect upon the obligations of Brant as fixed by the agreement. Therefore, it was immaterial that the defalcation with respect to these three checks Avas not known Avhen the agreement was executed. Error Avas not committed by the trial court in rejecting the evidence as to the date of discovery of the cashing of the checks by defendant.
Accord and satisfaction, if established, Avas a complete defense: It was submitted to the jury without error. The evidence Avas sufficient to support a verdict for the defendant on the issue of accord and satisfaction. No interrogatories were submitted and there Avas a general verdict for defendant. The verdict for the defendant must, therefore, be approved and the judgment thereon affirmed. It is unnecessary to consider or pass upon other assignments of error.
The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Taet, Matthias, Hart, Zimmerman and Stewart, JJ., concur.